# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                          **Case No. 07-CR-123**

**DEMETRIUS THOMPSON**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Demetrius Thompson pleaded guilty to use of a telephone to facilitate a drug trafficking offense, contrary to 21 U.S.C. § 843(b), and I set the case for sentencing. In imposing sentence, I first calculate the advisory guideline range, then impose sentence under all of the factors enunciated in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

### I. GUIDELINES

The parties agreed that defendant should be held responsible for a drug weight of 100-200 grams of cocaine, producing a base offense level of 18 under U.S.S.G. § 2D1.1(c)(11). Following a 3 level reduction for acceptance of responsibility, § 3E1.1, and coupled with his criminal history category of II, I adopted an imprisonment range of 21-27 months.

### II. SENTENCE

**A.    Section 3553(a) Factors**

In imposing sentence, the court must consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2).

The court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence," United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)," United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008), and § 3553(a)(3) in particular requires the court to consider probationary sentences even when the guidelines recommend prison, see Gall, 128 S. Ct. at 602.

2

Case 2:07-cr-00123-LA   Filed 09/30/08   Page 2 of 5   Document 477

**B. Analysis**

    **1. The Offense**

Defendant came to the attention of law enforcement during an investigation of the drug trafficking activities of Jimmie Durant and Calvin Coleman, large-scale cocaine dealers. Specifically, on December 29, 2006 defendant was heard on a Title-III wiretap arranging a drug transaction with Coleman. In a post-arrest statement, Coleman indicated that he sold defendant one ounce of cocaine on three or four occasions. In his statement to the PSR writer, defendant indicated that he was behind on his bills, and Coleman, one of defendant's tenants, offered him a chance to make some fast money by fronting him cocaine on a few occasions. The parties agreed to a modest drug weight of 113 grams based on Coleman's statement. The record contained no other aggravating circumstances, such as violence or weapon possession, and it appeared that defendant's involvement in trafficking overall was minimal.

    **2. The Defendant**

Defendant was thirty-four years old, with a modest prior record consisting of a drug case from 1992, when he was 18 years old and for which he was placed on probation; a first offense drunk driving case from 2001; and a carrying a concealed weapon ("CCW") case from 2001, for which he was also placed on probation. According to the PSR, in the CCW case officers founds the guns in defendant's record store, which he indicated he possessed for protection. Thus, it was not a case in which he was carrying the guns around on his person or in his car. He was able to successfully complete probation on both cases in which it was ordered.

Defendant's background was otherwise positive. He married the mother of his two children, ages nine and six, in 2007, and lived with his wife, children and step-son, age fifteen.

3

Defendant's wife made positive comments about him, indicating that he made changes in his life since his arrest in this case, attending church and spending more time at home. He also stopped drinking and smoking marijuana. Her statements were confirmed by defendant's performance on pre-trial release. After some early positives, the magistrate judge ordered him to attend thirty days of in-patient treatment at Genesis, which he completed. He remained drug free since then. The PSR indicated that defendant was a role model for others in the program, and he continued in out-patient treatment. Defendant's mother also made positive comments, indicating that he was very helpful to all of his family, especially his elderly grandmothers. I also received positive letters from Tara Cameron about defendant's support of her women's group, Pastor LaQuetta Clips about his involvement with the church, and William Grant about his involvement in a men's ministry.

For the past two years, defendant had been self-employed, managing two properties he owned. He also worked as a forklift driver at General Mills. Before that, he operated a record store for ten years. He graduated high school, completed some further education, and obtained certifications as a forklift driver and home inspector. Thus, aside from continued drug treatment, I saw no other vocational, educational or correctional treatment needs.

### 3. Guidelines and Purposes of Sentencing

The guidelines called for a prison term of 21-27 months, but I found that range greater than necessary. Given the minimal nature of the offense conduct, his ability to succeed on supervision, and his demonstrated efforts to turn his life around since his arrest, I found a sentence served in the community sufficient to satisfy the purposes of sentencing.

First, as discussed above, this case was not in any way aggravated. On three or four occasions, during a time when he was experiencing financial problems, defendant took up

4

Coleman's offer to receive one ounce of cocaine on consignment. Defendant did not appear to be an entrenched dealer; rather, his conduct was episodic. Further, there were no other aggravating circumstances, like weapon possession or violence. Therefore, prison was not necessary to provide just punishment. I instead imposed a period of community confinement to provide a sufficient measure of punishment.

Second, given his efforts at self-rehabilitation, prison was also not necessary to protect the public or deter defendant from re-offending. Close supervision in the community was sufficient to satisfy these purposes. I also noted that because the offense of conviction was a class E felony, which allows supervised release for just one year, <u>see</u> 18 U.S.C. § 3583(b)(3), but probation for up to five years, <u>see</u> 18 U.S.C. § 3561(c)(1), this disposition actually better protected the public in the long run. I also advised defendant that any violations could lead to revocation and a prison sentence of up to four years in prison. Finally, I considered defendant's efforts to cooperate with the government, which were discussed on the record, and which the government agreed merited some consideration under § 3553(a).

## III. CONCLUSION

Therefore, I placed defendant on probation for a period of five years. I selected the maximum term to ensure that defendant was monitored and stayed on the right track. As conditions, I ordered him to serve six months of home confinement, participate in drug testing and treatment, provide access to his financial information, and perform community service work in lieu of a fine. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2008.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge